MASTERSON v. CAVIN et al. (No. 7010.)

(Court of Civil Appeals of Texas. Galveston. May 13, 1915.)

1. RECEIVERS ⬤�ický32—PETITION FOR APPOINTMENT—SUFFICIENCY.

A petition for the appointment of a receiver, which shows that timber on the premises affected is worth much more than all secured and unsecured debts owing by the owner, and which fails affirmatively to show that it is depreciating or likely to depreciate by remaining in its present condition, is insufficient to show the necessity for the appointment of a receiver to conserve the timber.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 45–50, 64; Dec. Dig. ⬤⟫32.]

2. RECEIVERS ⬤⟫32—GROUNDS OF APPOINTMENT—PETITION.

A petition for the appointment of a receiver, which alleges that defendants have abandoned their sawmill and personal property, consisting of sawed lumber, and mules, horses, etc., used in connection with the lumber business, and located upon lands controlled by them, and that such property would depreciate and deteriorate from nonattention, is sufficient to authorize the appointment of a receiver to take charge of the sawmill and personal property.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 45–50, 64; Dec. Dig. ⬤⟫32.]

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Petition by George W. Cavin and another for the appointment of a receiver. From an order appointing a receiver and granting a temporary injunction, H. Masterson appeals. Affirmed in part, and reversed in part.

H. Masterson, of Houston, pro se. Elliott Cage and Frank A. Woods, both of Houston, for appellant. Greer, Nall & Bowers, of Beaumont, Woods, Harris & King, of Houston, and Minor & Minor and Sol E. Gordon, all of Beaumont, for appellees.

McMEANS, J. This is an appeal by H. Masterson from an order of Hon. W. H. Davidson, judge of the Fifty-Eighth judicial district, made in vacation, without notice, appointing a receiver of the property of defend-

ants, W. J. Sanders, alleged to be a nonresident of this state, and of W. J. Sanders & Co., alleged to be a foreign corporation without authority or permit to do business in this state, and conferring upon the receiver authority to operate a sawmill plant belonging to defendants, and granting a temporary injunction, restraining the appellant, H. Masterson, from filing suit in any of the courts of this state to foreclose his lien upon a portion of the property of Sanders and Sanders & Co., which lien is alleged to be a first lien, and commanding and directing him to intervene in this suit and set up his claim in order to fix the respective priorities of the creditors. This order was made upon the petition of Cavin & Daniels, a firm composed of George W. Cavin and W. F. Daniels, and the Davidson Securities Company, a corporation, in which it is alleged, in substance, that the defendants, Sanders and Sanders & Co., owe debts to the amount of about $90,000, but that they are solvent and own property in this state of the value of about $170,000, consisting of the timber upon 4,200 acres of land in Liberty county of the value of $115,000 and a sawmill plant at Felicia, in Liberty county, lumber in yards, mules, horses, and oxen used in connection with said sawmill plant, tramroad, equipment and appurtenances, of the aggregate value of $55,000. It is further alleged, in substance, that the appellant, Masterson, holds the first lien against the timber on the 4,200 acres, and that the appellees hold a second and third lien respectively against the timber and the sawmill plant and personal property above mentioned, and that plaintiff feared that appellant would mature his entire indebtedness on March 1, 1915, and foreclose his lien on the timber; that defendants, Sanders and Sanders & Co., had abandoned the sawmill plant, and that, by reason of said abandonment, said plant and personal property was depreciating in value, and their debts increasing, and that therefore a necessity existed for the appointment of a receiver. It is further alleged, in substance, that, in case the full value of the assets of defendants is realized by operating the sawmill and removing the timber from the 4,200 acres of land, the assets will exceed all liabilities, and a sufficient sum will be realized from the assets, by operating the sawmill to pay the secured and unsecured creditors, but, on account of the conditions existing by reason of the abandonment of said plant by defendants, it is probable that, without the aid of a receiver, the assets will depreciate and become dissipated to the extent that the same will be insufficient to pay all creditors, and, in case this should result, plaintiffs, as well as the unsecured creditors, would probably lose their debts and their interest in said property; that defendants are unable to pay either the secured or unsecured creditors; that Masterson will de-

clare his first mortgage due on March 1, 1915, foreclose same, and, if permitted to do so, exclude appellees and the unsecured creditors from participating in said assets; that the principal asset of defendants is the timber on the 4,200 acres, and, in order to realize full value for said timber, it is necessary to cut the timber and remove the same from the land and manufacture it into lumber; and that the only way to prevent a foreclosure by appellant, Masterson, and prevent the timber being sold in its present shape on the ground, by appellant, and save the assets without excluding the plaintiffs and the unsecured creditors from participation therein, is by the appointment of a receiver to take charge of the mill and timber, operate the mill for the benefit of all the creditors, secured and unsecured.

The petition is of great length, and the above is a statement in our own language of the substance of the material portions thereof. No answer was filed by any of the defendants before the orders complained of were made, nor did any of the defendants have notice of the filing of the application for a receivership and injunction until after the entry of the orders. In determining whether the orders were properly made, we must look to the allegations of the petition alone, and cannot call to our aid the statements contained in answers and motions subsequently filed.

[1] In our opinion the petition does not show a valid necessity for the appointment of a receiver of the timber. It alone is shown by the petition to be worth $25,000 more than all of the debts, secured and unsecured, owing by Sanders and Sanders & Co., and there is nothing to affirmatively show that it is depreciating or likely to depreciate by remaining as it is. The secured debts, including Masterson's according to the petition, amount to about $60,000, and the claims of the unsecured creditors to about $30,000, so that the value of the timber alone, which is not alleged to be lessened by standing where it is, is sufficient to pay all the debts, to say nothing of the $55,000 in value of the sawmill and personal property mentioned. Nor do we think that the petition shows any reasonable grounds to authorize the court to enjoin appellant Masterson without notice from filing a suit in a proper court to foreclose his lien on the timber, which is admitted to be a first and superior lien. A junior lienholder always has the right to protect himself as against the prior lien by paying off the debt secured thereby, and subrogating himself to all the rights secured by the prior lien. But, independently of this principle, we are of the opinion that, in view of the large excess in value of the assets over the liabilities of the defendants, the other creditors could in some proper way have protected their debts without enjoining Masterson from foreclosing in any way in which the right was open to him, and without placing the property upon which he held a first lien in the hands of a receiver.

[2] But, as to the sawmill and the personal property mentioned, we think the allegations of the petition were sufficient to authorize the court to appoint a receiver to take charge thereof. All this property was shown to be of a character that would depreciate and deteriorate from nonattention, and the petition alleged that it had been abandoned by the owners. We think that so much of the order as appointed the receiver and directed him to take charge of the sawmill and personal property was properly made, and the judgment to that extent is affirmed; but it is our opinion that so much of the order as directed the receiver to take charge of the timber and enjoined appellant, Masterson, from foreclosing his lien thereon and peremptorily commanding him to intervene in this cause and set up herein his lien in order to fix the respective priorities of the creditors (it being admitted in the petition that he had the first or prior lien) should be reversed, and judgment here rendered vacating and annulling said orders; and it has been so ordered.

Affirmed in part. Reversed and rendered in part.