## B. W. SHAW v. MARY G. SHAW.

### Decided April 23, 1908.

#### Husband and Wife—Waste of Wife's Separate Estate—Receiver.

In a suit by a married woman against her husband to establish her separate interest in property in the possession of the husband, and to prevent his disposing of the same and converting the proceeds to his own use, the court has authority to appoint a receiver to manage the property pending the suit, when the character and condition of the property is such that the interest of the plaintiff can be best protected by such appointment.

Appeal from the 55th Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*Meek, Highsmith & Warren,* for appellant.—Where real estate is held in the name of husband and wife, and the wife seeks to have same decreed her separate property, she has an adequate remedy at law, and may bring suit against her husband, and have said property decreed her separate property, and no necessity exists for a receiver for this purpose. Ryan v. Ryan, .61 Texas, 473; Dority v. Dority, 96 Texas, 215; Smith on Receivership, 32, 43 and 44; Trevino v. Trevino, 63 Texas, 650; Revised Statutes, article 2972.

*Vasmer & Briant,* for appellee.—Where an emergency exists, such, for instance, as the imminent danger of the spoliation or destruction of the property in controversy, and where the court, in the exercise of a sound discretion, has reason to apprehend a purpose on the part of the defendant to commit immediate and irreparable injury to the property, it is within the equitable power of the court, and it is its duty under such circumstances, to place the property in the hands of a receiver and thus preserve it intact until the conflicting claims of ownership are finally established. Merrell v. Moore, 104 S. W., 517; Scott v. Cox, 30 Texas Civ. App., 190; Weems v. Lathrop, 42 Texas, 211; 5 Pomeroy's Eq., secs. 63, 64 and notes; Alderson on Receivers, art. 131; Smith on Receivers, page 17; Smith on Receivers, sec. 15; Murray v. Murray, 115 Cal., 266; 37 L. R. A., 626.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee, Mary G. Shaw, against her husband, B. W. Shaw, to have the property described in her petition declared to be her separate property and to enjoin and restrain appellant from disposing of said property and converting the proceeds thereof to his own use. The petition alleges that plaintiff and defendant are husband and wife and both reside in Harris County, Texas; that at the time of their said marriage plaintiff was possessed in her own separate right of property, real, personal and mixed, of the value of $150,000, and that at said time defendant was possessed of no property whatever. Plaintiff avers that during the time of her marriage with defendant she has advanced to him, at his special request, large sums of money, the separate property of herself, and that defendant has invariably wasted and squandered such sums of money and has always failed and refused to render unto her,

out of the earnings of her separate estate, a support, and that the waste and extravagance of defendant has reduced her separate estate one half in value. That at no time has defendant exercised any care in the management and control of her separate estate, but, on the contrary, has managed said property in the most reckless and extravagant manner, and has converted the separate property of plaintiff into money and appropriated said money to his own use, to plaintiff's deprivation and damage. "Plaintiff alleges that defendant has collected large sums of money, the rents, issues and profits of her separate estate, and has diverted same from legitimate use and has appropriated same to his own use and benefit, spending such money in riotous living and denying to plaintiff even a sufficiency thereof for her support. Plaintiff says that defendant has completely and entirely repudiated the duties incumbent upon him as her husband, as such duties relate to the management of her separate estate, and he is asserting the rights and powers of his position only for selfish purposes, and is diminishing, wasting and despoiling her separate estate for his selfish use and personal benefit."

It is further alleged that plaintiff owns in her separate right a plantation in Fort Bend County consisting of 718½ acres of land with all necessary improvements and equipments for its cultivation, including horses, mules and hogs, and also a store stocked with goods, wares and merchandise of the value of $5,000; "that said store is now open and being conducted by defendant herein, and the sales therefrom amount to about $40 per day; that defendant has purchased on a credit large amounts of goods, wares and merchandise, and large sums of money are now due and owing to various persons, firms and corporations, but plaintiff says she is unable to set out fully and specifically the amounts so due or the names of the parties to whom due, because she says the defendant positively refuses to give her any information about said business or inform her concerning same or its condition. Plaintiff further alleges that defendant is taking and converting to his own use the money arising from the sales at said store, and is not paying off the obligations and debts incurred in behalf of said business, which course will inevitably result in the ruin and bankruptcy of said business. And plaintiff alleges that defendant has threatened to sell the entire stock of goods in bulk, and that she is informed and believes and charges the fact to be that he has actually made attempts so to do; and plaintiff here now charges that his purpose and intent is to convert said property into cash and appropriate the money to his own selfish use. Plaintiff avers that quite recently defendant has collected $1200 insurance upon a barn which was situated upon said plantation, and that he has sold and converted into cash, horses, mules, hogs and other live stock and personal property belonging to said plantation, and has squandered and wasted the proceeds thereof, except such part as she is informed and believes he has on deposit in the bank of T. W. House of Houston and J. H. P. Davis & Co., of Richmond, Texas, and plaintiff says that of these moneys defendant has steadfastly refused to allow her any part for her support, and threatens to withdraw same from said depositories and appropriate it to his own use and benefit. Plaintiff avers that said plantation has been

cultivated in part by persons to whom defendant has rented land for parts of the crops, and as far as he has been able, he has collected said rents in kind, has converted same into cash, and has squandered the money, to the detriment and injury of plaintiff. Plaintiff says that the crops grown on said plantation are not entirely gathered and that some part thereof remain in the field, and she says it is defendant's declared intention to collect said crops in lieu of money for rent, to convert same into money and appropriate such money to his own use and benefit to the deprivation of plaintiff. Plaintiff further alleges that of the unsold cotton which defendant has collected as rent, there are now nine or more bales in the hands of William Christian of Houston, Texas, and that defendant is endeavoring to sell said cotton and appropriate the proceeds to his own use. Plaintiff shows unto the court that in view of the allegations and statements of fact herein contained, and of the great wrongs and injuries, the deprivations which she has suffered and endured, and which she is about to suffer and endure, unless defendant is restrained and enjoined as hereinafter prayed for she will suffer irreparable wrong and injury; that she has no adequate and sufficient remedy at law. Plaintiff says that the interest and preservation of her separate estate and the interest and preservation of the community estate of herself and husband, if any there be, require that some suitable person be appointed receiver with power to take charge of said store and store business, continue such business and keep the same a going concern until it can be profitably sold or otherwise disposed of, and that said person be also appointed receiver of said plantation, and authorized and directed to gather the remainder of the crops thereof, and to gather and collect the crops and amounts due from the share renters, and run and administer said plantation under the orders and direction of the court.

"Premises considered, plaintiff prays that defendant be enjoined and restrained from interfering with, handling or making any disposition of the separate estate of this plaintiff or any property belonging to the community estate of plaintiff and defendant, and from drawing out of the bank of T. W. House or said bank of J. H. P. Davis & Co. any money deposited in the name of B. W. Shaw, and from collecting any money from William Christian, or other merchant or broker, arising from sales of cotton; and that J. H. P. Davis & Co. and William Christian be enjoined and restrained from paying over to B. W. Shaw any of the money aforementioned; that a receiver be appointed in the premises with such powers as to the court may seem fit and that upon a trial hereof such injunction be made perpetual, and that judgment be entered, after accounting had, for such sums as this plaintiff may show herself entitled to, to be satisfied out of any community estate said defendant may be shown to have, and that the property in this petition described and referred to be decreed to be the separate estate of the plaintiff; for costs of suit, and for such other relief, general and special, legal and equitable, to which plaintiff may show herself entitled."

The facts alleged in this petition were duly verified by the affidavit of plaintiff.

On the 11th day of November, 1907, this petition was presented to

the judge of the court below and he, after considering the same, entered his fiat thereon, directing that defendant be cited to appear before him on November 15, 1907, and show cause why injunction should not issue and a receiver be appointed as prayed for. It was further ordered that pending such hearing the defendant was restrained and enjoined from interfering with or disposing of any of the property described in the petition, and from collecting any money from the sale of cotton and withdrawing the deposits mentioned in the petition. The Davis Bank and William Christian were also enjoined from paying to defendant any of the money in their hands.

The defendant answered by general and special exceptions and further specially denied, under oath, all of the allegations of the petition and set up facts showing that the larger portion of the property in controversy was community property of himself and plaintiff.

Upon a hearing on November 23, 1907, the following order was made:

"On this 23d day of November, 1907, came on to be heard the petition and answer of the plaintiff and defendant, B. W. Shaw, and the court having heard the pleadings and the supporting affidavits submitted by the parties hereto, is of the opinion, and it is so ordered, adjudged and decreed that the defendant, Benjamin W. Shaw, be and he is hereby enjoined and restrained from in any manner interfering with, handling or disposing of any of the real or personal property belonging to the separate estate of plaintiff, Mary G. Shaw, save and except that he shall continue the management and control of the store located on the plantation in Fort Bend County, described in plaintiff's said petition, for the benefit of the community estate of said B. W. Shaw and Mary G. Shaw, but that he shall contract no debts in connection with such store business that will affect her separate estate, that he shall continue the management of said plantation, but that one-half of all net revenues and income derived therefrom shall be paid over to the plaintiff, Mary G. Shaw, immediately upon the receipt thereof by said Benjamin W. Shaw; that he shall make or execute no lease or other contracts of said plantation or any part thereof pending the further orders of this court; that of the money now on deposit to the credit of defendant Benjamin W. Shaw in the banking house of J. H. P. Davis in Richmond, Fort Bend County, the plaintiff, Mary G. Shaw, shall withdraw one-half of the amount thereof, and that from the sale of cotton, now in the hands of William Christian of Houston, Texas, one-half of the proceeds shall be paid to said Mary G. Shaw, and the other half of said sums shall be paid to defendant, Benjamin W. Shaw.

"It is further ordered and adjudged that the prayer of plaintiff's said petition for the appointment of a receiver herein be and the same is hereby denied.

"It is further ordered, that, save as herein expressly otherwise directed and decreed, the injunction herein granted on the 11th day of November, 1907, shall remain in full force and effect." No appeal was taken from this order.

On December 21, 1907, plaintiff filed a writing setting up that defendant had violated the injunction theretofore issued by the court

in that he had withdrawn from the Davis bank all of the deposits mentioned in the injunction order before set out, .asking that he be cited to ·appear and show cause why he should not be held in contempt of court. Upon the hearing of this motion on December 23, 1907, the court made the following order:

"On this 23d day of December, 1907, came on to be heard the motion of·plaintiff, wherein the court's attention is directed to violation on the part of defendant herein of the orders and decrees in this cause heretofore entered; and the parties plaintiff and defendant appearing in person and by counsel, and the court being fully advised of the facts and the premises, is of the opinion that said defendant is purposely and intentionally violating and disobeying the former orders and decrees herein heretofore entered, to the injury of plaintiff and the property involved in this suit.

"It is therefore ordered, adjudged and decreed by the court, on the court's own motion, that all former temporary decrees and restraining orders and modifications thereof heretofore rendered ·and entered herein, save and except the first order of fiat herein issued and entered on the 11th day of November, 1907, be and the same are hereby vacated and set aside; and that said defendant Benjamin W. Shaw be and he is hereby enjoined and restrained from in any manner whatever interfering with, handling, leasing or disposing of the farm or plantation in Fort Bend County, Texas, described and referred to in the pleadings in this cause or any live stock, crops, or other personal property thereon situated or connected with or appurtenant or incident thereto, or the cotton now in the hands of William Christian, or the proceeds thereof, or store and stock of goods, liquors and other merchandise kept in said store save that, until the qualification of a receiver, as hereinafter ordered, said Benjamin W. Shaw may continue the management of said store to the extent only of selling goods therein at retail and in the regular order of business; but he shall make no sales therefrom of any goods therein at wholesale or in bulk or in large quantities. And it further appearing to the court that the defendant has violated the injunction herein issued and that the interest, preservation and protection of all said property during the pendency of this suit require the appointment of a receiver herein, to the end that said property, real and personal, be not despoiled, wasted and misappropriated:

"It is therefore further ordered, adjudged and decreed by the court that Alf. H. H. Tolar be and he is hereby appointed receiver of said store and store business and the goods, wares and merchandise accounts, bills and notes, and all other property, choses in action and other things incident to and connected with said store and business, as well also as said farm and plantation and all property real and personal, incident or appurtenant thereto or connected therewith; this appointment to become effective and said Tolar to assume the discharge of his duties hereunder, upon his making bond, as conditioned and required by law, in the sum of two thousand dollars, payable to Henry Albrecht, Clerk of the District Court of Harris County, and taking the oath as by law in such cases provided.

"And it is further ordered that said receiver, immediately upon assuming the discharge of his duties herein, prepare and file with the

clerk of this court a full and complete inventory of all property upon said plantation and of all goods, wares and merchandise in said store, and also as nearly as can be done and as soon as same can be done, a full statement of all debts due by said business and all accounts and debts owing to the same. And the said receiver shall take full charge and management of said plantation and farm and store and store business, and conduct the same in a thorough business-like and careful manner, and shall make such reports, exhibits and accounts of his doings hereunder as the court may from time to time require; to all of which judgments, decrees and action of the court, in setting aside former orders and decrees and the entering of another restraining order, and appointment of receiver the defendant at the time in open court objected and excepted and excepts."

This appeal is prosecuted only from that portion of the above order appointing the receiver. None of the assignments complain of the order enjoining appellant from the management and control of the property pending the final determination of the suit.

As we construe the assignments the only question presented for determination is whether, in a suit by a married woman against her husband to establish her separate interest in property in the possession of the husband and to prevent his disposing of her interest in the property and converting the proceeds to his own use, the court has authority to appoint a receiver to manage the property pending the suit, when the character and condition of the property is such that the interest of the plaintiff can be best protected by the appointment of a receiver.

We think this question should be answered in the affirmative. Article 1465 of our Revised Statutes authorizes the appointment of a receiver in an action "between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

The right of appellee to maintain a suit against her husband for the protection of her property interest is not questioned. This right being conceded, she is entitled to any remedy available to any other litigant, and it seems clear that under the article of the statute above quoted, there being sufficient evidence to authorize the finding that she probably had a separate interest in the property and that there was danger of material injury to the property unless it was placed in the hands of a receiver, the court was authorized to make the order appointing a receiver. Dority v. Dority, 96 Texas, 215; Ryan v. Ryan, 61 Texas, 473; Merrell v. Moore, 104 S. W., 517.

The court having enjoined the appellant from exercising any further control over the property, from the character and condition of the property as disclosed by the pleadings and evidence, its preservation and protection required that it be placed in charge of some one who could be held responsible for its safe keeping and proper management.

While it is true that appellee might have been entitled to sequestration or to an attachment to protect her claim against the defendant,

she was not restricted to these remedies and neither of them would have furnished as adequate and complete relief as the appointment of a receiver.

None of the assignments present any error which would authorize a reversal of the judgment of the court below, and it is therefore affirmed.

*Affirmed.*