**WOODWARD et al. v. SMITH et al.**
**(No. 6701.)**

(Court of Civil Appeals' of Texas. Austin. May 16, 1923. Rehearing Denied June 13, 1923.)

1. **Joint-stock companies and business trusts** ⊚⇒13—**Injunction may issue to prevent dissipation of property of unincorporated association by pretended trustees.**

An injunction may be granted to protect the property of an unincorporated association against pretended trustees charged with wasting, destroying, and dissipating.

2. **Joint-stock companies and business trusts** ⊚⇒13—**Petition held sufficient to authorize writ restraining pretended trustees of unincorporated association from wasting its property.**

A petition for an injunction to prevent pretended trustees of an unincorporated association from wasting, destroying, and dissipating the property of the association held sufficient to authorize a writ.

3. **Injunction** ⊚⇒143(2)—**When temporary writ may be granted without notice or hearing stated.**

It is not error to grant a temporary writ of injunction without notice or hearing, where it affirmatively appears from the sworn application therefor that an imperative necessity exists for the writ, and that the parties complained of are attempting to dissipate and convert the properties sought to be protected to their own use, and that they are insolvent, and that applicant is without a remedy at law.

4. **Injunction** ⊚⇒152—**Issuance of temporary writ without hearing not error.**

In a suit for an injunction to restrain pretended trustees of an unincorporated association from dissipating the property of the association, it was not error to grant a temporary writ without a hearing; it appearing from the petition that plaintiffs were entitled to the relief prayed for under Rev. St. 1911, art. 4643, subds. 1, 2, 3.

5. **Injunction** ⊚⇒139—**Judge of another district may issue temporary writ where judge of district wherein property situated disqualified.**

Under Rev. St. 1911, art. 4643, a judge of another judicial district was authorized to grant a temporary writ of injunction to prevent pretended trustees of an unincorporated association from wasting the assets thereof, where it appeared that the judge of the district wherein the property was situated was disqualified.

6. **Receivers** ⊚⇒29(1)—**Judge having jurisdiction to grant writ may appoint receiver.**

Where a judge has acquired jurisdiction in the matter of granting an injunction, he acquires thereby such further jurisdiction as is necessary to make effective the writ granted, including the appointment of a receiver.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Appeal and error ⬉920(3)—In absence of fact showing action of trial judge, it will be presumed to be at time and in manner required by law.**

In the absence of a showing of fact in the record as to when a trial judge acted on application for injunction, it will be presumed that he acted at the time and in the manner required by law.

**8. Judges ⬉45—Relation in third degree to parties to suit held to disqualify judge.**

Where a district judge is related within the third degree to parties to a suit for an injunction and receiver, he is thereby disqualified from hearing the injunction suit.

**9. Injunction ⬉152—Issuance of injunction in part mandatory without setting application down for hearing held not error.**

Where a petition for an injunction to restrain pretended trustees of an unincorporated association from wasting its assets primarily sought to enjoin the defendants from going upon the premises, and from exercising management and control, and also sought a mandatory injunction requiring them to deliver books, vouchers, etc., of the business of the receiver appointed, which mandatory features was only incidental to the restraining portion of the order, the issuance of such injunction without setting the application down for a hearing was not error.

**10. Receivers ⬉8—Appointment of receivers within sound discretion of trial judge.**

The matter of the appointment of a receiver is within the sound discretion of the trial judge, and is a matter of equity, whereby the court delivers the property in custodia legis pending the final disposition of the case.

**11. Receivers ⬉16—Petition held to authorize appointment of receiver.**

Where a petition alleged that certain property was in possession of persons wrongfully withholding it from plaintiffs, that the property was about to be wasted and destroyed, and that, unless some one was placed in charge of it pending litigation, it would be wasted and destroyed, and its value greatly impaired, held sufficient to authorize a judge to appoint a receiver.

**12. Joint-stock companies and business trusts ⬉20—Appointment of receiver proper in actions between joint owners or partners to prevent injury to property.**

In a suit to restrain pretended trustees in an association and partnership from wasting the partnership assets, appointment of a receiver was authorized by Rev. St. 1911, art. 2128, subd. 1, providing that, in an action between partners or owners jointly owning or interested in any property or fund, on the application of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable; and, where it is shown that the property or fund is in danger of being lost or removed, or materially injured, a receiver is properly appointed.

**13. Appeal and error ⬉726—Assignment of error held too general to be considered.**

An assignment of error based upon the appointment of a receiver, where plaintiffs had other remedies at law, will not be considered where not supported by any suggestion as to what such remedies were.

**14. Courts ⬉122—Petition for injunction and receiver held to show that amount in controversy was within jurisdiction of district court.**

Where petition for an injunction and a receiver states that the suit is for the recovery of $16,600 worth of property from the possession of certain named parties, and seeks to place it in the hands of others for their management and control, or to distribute it among the owners thereof, and where it is alleged that the daily increase in the value of the property is $125, it was sufficient to show that the amount in controversy is within the jurisdiction of the district court.

**15. Joint-stock companies and business trusts ⬉20—Statute held not limited to appointment of receiver in accounting suit only.**

In a suit to enjoin pretended trustees from wasting the property of an unincorporated association and for a receiver, seeking to establish the pro rata shares and to preserve the property until ownership could be determined, appointment of a receiver was not improper on the ground that the petition did not ask for an accounting; Rev. St. 1911, art. 2128, subd. 1, not being limited to the appointment of a receiver in a suit for accounting.

**16. Joint-stock companies and business trusts ⬉13—Petition held to authorize accounting as between partners.**

A petition in a suit to enjoin pretended trustees of a partnership and unincorporated association from wasting the property of the association, and for a receiver, which pleads the fact of ownership by numerous individuals, and prays that each partner's pro rata share be established, and that plaintiffs recover their portion, held sufficient to entitle plaintiffs to an accounting as between partners.

Appeal from District Court, Coleman County; C. E. Dubois, Judge.

Suit by J. C. Smith and others against S. P. Woodward and others, for an injunction and a receiver. From an interlocutory order granting a temporary injunction and appointing a temporary receiver without notice upon an ex parte application, defendants appeal. Affirmed.

Phillips, Brown & Morris, of Fort Worth, for appellants.

Critz & Woodward, of Coleman, for appellees.

BLAIR, J. This is an appeal from an interlocutory order granting a temporary injunction and appointing a temporary receiver, without notice, upon the ex parte sworn application of appellees.

---

### Statement.

This suit was filed in the district court of Coleman county, Tex., on March 15, 1923, at 10:05 o'clock a. m., by the appellees, J. C. Smith, M. W. Martin, H. W. Sadler, and R. E. L. Zimmerman, against the appellants, R. H. Manning, H. L. Douglas, and F. W. Manning; also against S. P. Woodward, and a number of other stockholders in the Ocean Oil & Refining Company, an unincorporated association and partnership; also against Joe Z. Brooks, R. Brooks, and M. S. Asbell, as trustees of said Ocean Oil & Refining Company, as well as against said refining company and its various members and stockholders; also against the Continental National Bank of Fort Worth, Tex.—appellees alleging:

That 16 of the named defendants were residents of Coleman county, Tex., including two of the trustees. That the first two named appellants were residents of Tarrant county, Tex., and the third appellant a resident of Dallas county, Tex. That the Ocean Oil & Refining Company was a copartnership composed of the parties named in the petition and about 2,500 other persons, whose names and addresses were unknown to appellees. That the Ocean Oil & Refining Company was a copartnership, and was formed under a partnership agreement, adopting the name of the Ocean Oil & Refining Company, and having for its purpose an oil and gas enterprise in Eastland county, Tex., where it owned 10 acres of land, which was described in the petition by metes and bounds.

Alleging further:

That it issued $200,000 in shares of stock of the par value of $1 per share, and that its actual value at the time of the filing of this suit was 40 cents per share. That appellees owned, respectively, 175, 100, 50, and 25 shares of said stock. That appellees, therefore, own an interest in said company and its property, and that the appellants and other defendants also own shares of stock in said partnership, the exact extent being unknown to appellees. That, after the formation of said copartnership, and after the issuance of its stock, acting by and through its agents and trustees, it drilled for oil and gas on said lands owned by it, and at the time of the filing of this suit had three producing oil wells of approximately 11 barrels capacity per day, which was of the reasonable market value of $75 and that the gas produced was of the proximate value of $50 per day, making a total daily production of $125. That said partnership owned engines, pumps, tanks, wagons, teams, automobiles, office building, tools, barns, and derricks, aggregating $9,100, and that it also had the sum of $7,500 on deposit in the Continental National Bank of Fort Worth, Tex.

That the defendants Joe Z. Brooks, R. Brooks, and M. S. Asbell were duly elected trustees for the year beginning March 5, 1913, at an annual stockholders' meeting of said Ocean Oil & Refining Company, for the purpose of managing and handling the properties and affairs of the copartnership, which said appointment was to continue one year thereafter and until their successors were appointed. That they accepted the appointment, and undertook to enter into and upon their duties as such trustees, and that the appellants were threatening to and were asserting the right to manage and control the affairs, business, and properties of said copartnership, of which appellees and the other shareholders were owners. That the oil and gas produced from the copartnership premises were being wasted and destroyed, and the funds belonging to the company were being dissipated and exhausted by said Manning, Douglas, and Manning, appellants herein, and that, unless prevented, the affairs, business, and properties of said copartnership would be destroyed. That the pretended trustees, appellants herein, were making, and, if not prevented, will make and execute, unauthorized contracts for said company, and will appropriate the funds to the payment of their purported services, without the permission of the duly elected trustees.

That said pretended trustees, appellants herein, were in all things insolvent, and that the appellees and the other joint owners of the property would suffer irreparable injury and their property be wasted and destroyed, and the funds in possession of defendant bank would be withdrawn and placed beyond the reach of the parties interested, and the said pretended trustees, appellants herein, were threatening, and would, if not prevented, mismanage, dissipate, and impair the value of the property and the revenues derived therefrom, and would pay out the funds in the bank to the damage of appellees and all parties interested. That, in order to preserve and protect the gas and oil being produced, the necessity exists for the appointment of a receiver, with power to take charge of and manage and control said properties until such time as it may be determined, in truth and in fact, who are the proper persons to assume the management and control of same. That the necessity of the appointment of a receiver arises because of the controversy existing between appellants herein and the defendants Joe Z. Brooks, R. Brooks, and M. S. Asbell, as each were and are asserting the right to act as agents and trustees of the said copartnership in the management and control of it and its properties, and by reason thereof the affairs of and the properties of said copartnership were being neglected, and would become worthless, and the rights of the parties greatly impaired, unless such a receiver was so appointed.

That, in addition to the properties described in appellees' petition, it is alleged

that said copartnership owned and was entitled to other properties in the state, the extent of which is unknown, and that an imperative necessity exists for an auditor to make a correct record of the property, in order that a distribution thereof might be made to the parties owning such stock in said copartnership, and that they might know their pro rata share thereof.

Appellees alleged that Hon. J. O. Woodward district judge of the Thirty-Fifth judicial district, of which Coleman county was a part, was disqualified from hearing and acting in said cause, being a brother to S. P. Woodward, one of the defendants named herein, and an uncle by marriage to one of the Brookses, also a defendant named herein, and was therefore related within the third degree to parties defendants in the suit, and was disqualified from acting or hearing such cause. Appellees prayed for an injunction restraining appellants herein from handling, managing, controlling, or asserting any right or control to or of the properties, funds, and business, or from contracting any indebtedness pertaining to said company, or expending its funds, or exercising any control over its affairs, properties, or business, and directing them to turn over to the receiver to be appointed all records, books, etc., or property of any kind or character belonging to said company, and prayed further for the appointment of a receiver who would be vested with authority to manage and control the properties, and to take charge of the books, records, etc., and have the same audited, as the court may direct.

The petition was duly verified as required by law; and, after filing the same in the district court of Coleman county, in the Thirty-Fifth judicial district of Texas, the court over which Hon. J. O. Woodward presided as district judge, the appellees applied to Hon. C. E. Dubois, Judge of the Fifty-First district of Texas, said application reciting the facts of the disqualification of Hon. J. O. Woodward, and asking for a temporary injunction, and for an order appointing a temporary receiver. Hon. C. E. Dubois, upon the ex parte hearing, granted the temporary injunction as prayed for, enjoining appellants and restraining them from handling, managing, or controlling or asserting the management or control of any of the property, and restraining them from contracting any indebtedness of any kind pertaining to said copartnership, or from expending any of its funds, or attempting to exercise any control of its affairs, business, or properties, and further requiring them to deliver to James Amyx, as receiver, all of the property, together with books, records, and vouchers of said company, and further restraining the bank named from paying out any of said funds, except upon the check of the said James Amyx, receiver, and requiring

them to observe the orders of the court; and said court fixed the injunction bond in the sum of $2,000. On the same hearing the said Hon. C. E. Dubois, as district judge, after reciting the fact of the disqualification of Hon. J. O. Woodward, granted the writ of injunction as prayed for, and further made his order appointing the said James Amyx receiver, to take charge of the properties, funds, books, papers, and vouchers, and authorizing him to manage and control the same for the best interest of the company and its members, until further orders of the court, and authorizing the receiver to operate the properties and to check upon the funds belonging to said company for said purpose, paying the reasonable and legitimate expenses of said operation, and fixing his receiver's bond in the sum of $10,000.

On March 15, 1923, the injunction bond was duly filed and approved. The injunction was duly issued, and citation thereon was duly issued and returned; and on March 17, 1923, the receiver's bond was duly filed and approved by the judge of said court, and on the same day the receiver filed his oath of office, taken before the district clerk of Coleman county, as required by law. Thereafter, on March 24, 1923, appellants R. H. Manning, H. L. Douglas, and F. W. Manning filed their assignments of error, and on the same day filed their appeal bond, appealing from the temporary orders above set forth.

### Opinion.

[1-3] Appellants' first, second, third, and sixth assignments of error complain that the trial court erred in granting on ex parte hearing a temporary injunction on an insufficient petition to sustain the writ. These assignments are not sustained by the court. As shown from excerpts of the petition heretofore set forth in our statement in this case, it will be noted that appellees sought the injunction for the purpose of protecting their properties against insolvent parties, who were charged with wasting, destroying, and dissipating the same, and this in equity would entitle appellees to a writ of injunction, and the petition is, in our opinion, sufficient to authorize the court in granting the same. We are of the opinion that it is not error for a judge of a court to grant a temporary writ of injunction without notice and without a hearing where it affirmatively appears from the sworn application therefor that an imperative necessity exists for said writ, and that the parties complained of were attempting to and were dissipating and converting the properties of the company to their own use, and where it is further shown that the parties complained of were insolvent and the applicants were without a remedy at law.

[4] We are also of the opinion that it was not error to grant the writ of injunction in

this case without a hearing, because it appears from the petition that the appellees were entitled to the relief prayed for under article 4643, subds. 1, 2, and 3, of the Revised Statutes of Texas. Houston Oil Co. of Tex. v. Village Mills Co. (Tex. Civ. App.) 202 S. W. 725; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63; Acme Plaster Co. v. Amr. Cement Plaster Co. (Tex. Civ. App.) 167 S. W. 183; John Dollinger, Jr., Inc., v. Horkan (Tex. Civ. App.) 202 S. W. 978.

[5, 6] Appellants' third and twelfth assignments of error complain that the judge of the Fifty-First judicial district of Texas was without authority to grant an injunction, or to appoint a receiver in a suit then pending in the Thirty-Fifth judicial district of Texas. As to the granting of the temporary injunction herein, there is no question, either in law or in fact, as presented by this record, but that the judge of the Fifty-First judicial district was legally authorized, as provided in article 4643 of the Revised Statutes of Texas, to grant the relief prayed for. This article provides that, where a judge of a court in which litigation is pending is disqualified, and application is made to some other nonresident judge, setting up the facts constituting the disqualification of the judge in the district in which the suit is pending, for an injunction, that such judge has authority to issue the same. We are also of the opinion that the judge, having acquired jurisdiction in the matter of granting the injunction, thereby acquired such further jurisdiction as was necessary to make effective the writ he had granted. The appointment of the receiver in this case was necessary to render effective the injunction granted, and was incident thereto. The granting of the injunction enjoining appellants herein from managing, controlling, or in any manner interfering with the properties of said Ocean Oil & Refining Company would leave it without any one to look after it and care for the daily production of the oil and gas. Hence the property would be destroyed and wasted if no one was put in charge of the same, and it was therefore necessary for the court to make some provision in the premises. We are of the opinion that the appointment of a receiver in this case was necessary; and it was incident to the power of the judge who granted the injunction to grant the order appointing a receiver. The theory upon which this is based is that equity will not stop short of a complete relief when it has properly assumed jurisdiction. 34 Cyc. p. 23, § 3, notes 47 and 48, and cases cited.

In view of our holding that the trial judge was authorized to grant the order appointing the temporary receiver as an incident to his power to grant the writ of injunction, we do not deem it necessary to pass upon the question as to whether the said judge of the Fifty-First judicial district of Texas would have been authorized to have made the appointment of the receiver alone, since that question is not raised by the facts in this case. The facts pleaded entitled appellees to both or to either of the reliefs sought. They are so closely allied in this case under the facts that neither of the remedies would have been entirely effective without the aid of the other. These remedies go hand in hand, and the authorities are numerous in Texas; and in all other states, in cases in which writs of injunction were granted, the court also ordered the appointment of a receiver in aid thereof. This being true, we see no reason to withhold authority from the judge who has a right to act upon one of the matters presented to him, and to deprive him of the right to act upon the other presented in the same petition which made effective the relief sought. Richardson v. McCloskey (Tex. Civ. App.) 228 S. W. 331.

[7] By their fourth and tenth assignments of error appellants complain that it was error for the court to act upon the application for the writ of injunction, and to appoint a receiver in a suit in another court, and before the filing of the petition upon which they are based. This contention is not borne out by the record, for we find in the clerk's certificate of facts the following: "I further certify that both the above-mentioned orders (meaning the order granting the injunction writ and the one appointing a receiver) were granted after the filing of said original petition." Besides this, if the above certificate were to be held by us that it was of no value as evidence, then the presumption would be, in the absence of a showing to the contrary, which burden was upon appellant herein, that the trial judge acted in the manner and in accordance with the law, and made his order after the judgment was filed. There are numerous authorities in Texas that hold, in the absence of a showing of fact in the record as to when a trial judge acted upon a certain matter, it will be presumed that he acted at the time and in the manner as required by law.

[8] The petition in the case complied with the requirements of article 4643, subd. 3, in setting up in the petition the facts showing the disqualification of the judge of the Thirty-Fifth judicial district. It is beyond question that the district judge of the Thirty-Fifth judicial district could not act in this case, as he was disqualified both by the Constitution and by the statute, being related within the third degree to parties to the litigation.

[9] Appellants' fifth and fourteenth assignments of error are in regard to the issuance of a mandatory injunction, without

setting the application therefor down for a hearing. We are of the opinion that this contention is without merit under the facts and circumstances of this case. The petition sought both a restrictive and a mandatory injunction; that is, it sought primarily to enjoin appellants from going into and upon the premises, and from exercising any management or control over the properties of the Ocean Oil & Refining Company, and the mandatory provision requires of them to deliver the books, vouchers, etc., of the business to the receiver appointed, which mandatory feature was only incidental to the restraining portion of the order, and was necessary, if the writ of injunction restraining them from going upon the premises and in exercising any management and control of the property was rightfully issued. Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105.

[10-12] Appellants' seventh assignment, that the petition did not state any ground for the appointment of a receiver, is not well taken. The matter of the appointment of a receiver is one within the sound discretion of the judge acting, and is a matter of equity, whereby the court delivers the property in custodia legis pending the final disposition of the case. The petition in this case, having alleged equitable grounds for the appointment of a receiver, that is, having alleged that property in the possession of persons wrongfully withholding it from the applicants was about to be wasted and destroyed, and that, unless some one was placed in charge of it pending litigation, it would be wasted and destroyed, and its value greatly impaired, is sufficient allegation to authorize a judge to grant an application for the appointment of a receiver. Besides in this case, aside from the equitable grounds for the appointment of a receiver, the trial judge was authorized by article 2128, subd. 1, of the Revised Statutes, which provides:

"In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

We are therefore of the opinion that assignment No. 7, as well as assignment No. 8, which involves the same matter, is not well taken. Article 2128, Vernon's Sayles' Civil Statutes 1914, 1918, 1922, and cases cited thereunder.

[13] Appellant's ninth assignment, that the receiver should not have been appointed because the appellees had other remedies at law, is not sustained. The assignment is not accompanied or supported by any suggestion as to what such remedies appellees had in law, and deals entirely in generalities to such an extent that we will not consider it.

The record discloses that appellees were entitled to the appointment of the receiver upon their pleadings, and were entitled to the restraining injunction as well as the mandatory portion thereof, incident to the general relief prayed for in this case.

[14] We do not sustain appellant's eleventh assignment, which contends that the district court was without jurisdiction of the subject-matter of this suit. Where a petition states that the suit is for the recovery of $16,600 worth of property from the possession and control of certain named parties, and seeking to place it in the hands of others for their management and control, or to distribute it among the owners thereof, and where, in addition thereto, it is alleged that the daily increase in the value of the property is $125, it is sufficient to show that the amount in controversy was within the jurisdiction of the district court. The assignment is overruled.

[15] Appellant's thirteenth proposition, that it was improper to appoint a receiver herein because the petition did not ask for an accounting between the partners, is not sustained. By this assignment appellants contend that subdivision 1 of article 2128 of the Revised Statutes only authorized the appointment of a receiver, when the suit is one for an accounting between partners. We do not so construe the statute.

[16] The complaint in the petition was not against the partners in general as such, for it alleged that there were two sets of trustees who claimed to represent the parties and manage and dispose of the properties. The petition did not seek a dissolution of the business, but seeks and contemplates a continuation of the business, and that it be conducted for the benefit of the parties interested. It seeks by injunction to preserve the property until it can be determined by the court who in truth and in fact are the rightful persons to have the control and management of this property. It seeks to establish the pro rata share of the appellees, as well as the other partners, in the properties of the Ocean Oil & Refining Company. This we think entitles appellants to the benefits of the provision of this statute. We are also inclined to the belief that appellees having pleaded the fact of the ownership by numerous individuals of the property in question, and that each partner's pro rata share be established, and that they recover their portion, and having concluded with a prayer for general relief, would entitle them to an accounting as between partners, and, if such were necessary, to the appointment of a receiver.

Appellants' fifteenth assignment contends that the petition is for the sole object of obtaining the appointment of a receiver, and is therefore insufficient for such purpose. We do not agree with this proposition. We

are of the opinion that the main purpose of the petition was to obtain relief by injunction, for the purpose of preserving the property in question pending the determination by the court as to who were the right-ful parties to have the possession and control thereof, as well as to determine the respective portion of appellees and the other parties therein, and to keep appellants from wasting and dissipating the property; and the appointment of the receiver was merely incidental thereto. The petition shows the properties to be of the value of $16,600, and that they had a daily increase in value of $125 per day. It further shows that there was probably other property belonging to the copartnership, which would add to its value; and the contention that mere domanial damages would result to appellees is not well taken. We know of no rule of law whereby the properties of a person cannot be protected by the writs of the court, even though it has little value, since it is the purpose of the courts to protect the rights of persons in their property, regardless of its value; although courts do not take cognizance of trifling affairs, whereby their time is taken up by mere questions of dispute concerning valueless property.

We are of the opinion that there is no error in this judgment, and it is therefore affirmed.

Affirmed.