**DIAMOND STEEL HIGHWAY SIGN CO. et al. v. COMMERCIAL TRUST CO. et al. (No. 10110.)**

Court of Civil Appeals of Texas. Dallas. July 16, 1927.

Rehearing Denied Sept. 24, 1927.

1. **Appeal and error ⬤⟿719(1)—On appeal from interlocutory order appointing receiver, where appellant fails to file assignment of errors, record will be examined only for fundamental error (Rev. St. 1925, art. 2250).**

Under Rev. St. 1925, art. 2250, permitting an appeal from an interlocutory order appointing a receiver, where appellant fails to file an assignment of errors, record will be considered only to ascertain if fundamental error is apparent, since there is no provision-in suit dispensing with assignments of error, and they should be included in record and reproduced in brief.

2. **Receivers ⬤⟿3—Right to appointment of receiver is merely incident to suit brought for purpose of vindicating some right.**

Right to appointment of receiver is not a cause within and of itself, but is merely an incident to a suit brought for the purpose of vindicating some right.

3. **Receivers ⬤⟿16—Action by buyer against seller of advertising contracts which guaranteed their payment held one in which appointment of receiver was incidental.**

Where advertising sign company sold to plaintiff 75 per cent. of its advertising contracts and agreed to guarantee their payment and undertook to make collections and pay to buyer full amount of its interest and to secure performance of guaranty by assigning balance of interest in contracts and executing chattel mortgage on other property, action by buyer praying that on final hearing right and title to possession of contracts be decreed and vested in buyer and for general relief *held* to be action involving property in which plaintiffs and defendants were jointly interested, in which ap-

pointment of receiver was proper as incidental to primary cause of action.

**4. Appeal and error ⚙═954(1), 955—Injunction ⚙═1—Receivers ⚙═8—Appointing receiver and issuing injunction rests in trial court's discretion, and will not be disturbed in absence of abuse of discretion.**

Appointment of receiver and issuance of injunction rests largely in sound discretion of trial court, and before its judgment is disturbed it should be made to appear that there was an abuse of discretion.

**5. Receivers ⚙═16—In action involving property in which parties were jointly interested, where plaintiffs' interest was in danger of being lost, appointment of receiver held not abuse of discretion.**

Appointment of receiver in action in which plaintiffs and defendants were jointly interested, in which trial court found that interest of plaintiffs was in danger of being materially injured or lost, *held* not abuse of discretion.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Action by the Commercial Trust Company and others against the Diamond Steel Highway Sign Company and others. From an interlocutory order appointing a receiver and granting an injunction, defendants appeal. Affirmed.

Renfro, Ledbetter & McCombs, of Dallas, for appellants.

Eckford & McMahon, of Dallas, for appellees.

LOONEY, J. This appeal is from an interlocutory order appointing a receiver and granting an injunction.

The Diamond Steel Highway Sign Company, a corporation, was engaged in manufacturing advertising signs and selling advertising contracts for advertisements on what is commonly known as markers along public roads and highways. It arranged with the Commercial Trust Company of Dallas, Tex., a trust estate, of which W. P. Luse was sole trustee, to purchase the first 75 per cent. of its advertising contracts, agreeing to guarantee their payment, and undertook to make all collections and pay to the trust company the full amount of its 75 per cent. interest. To secure the performance of this guaranty, the sign company assigned to the trust company the balance of any interest in the contracts above the 75 per cent. and executed a chattel mortgage on a patent issued by the government covering certain improvements in road markers, also the road markers and all signs and equipment, paraphernalia, and other personal property owned by the sign company, and, as further security, the sign company stipulated that if it should fail to make prompt collections and pay to the trust company moneys when collected, the trust company would be privileged to take over and enforce collections and retain a sum sufficient to satisfy itself for all losses by reason of the breach of any guaranty, and to take possession of all signs, and equipment, and keep same in condition so as to comply with advertising contracts and to use and expend from collections a sufficient sum to accomplish these ends, and in addition the sign company and the individual appellants (stockholders and directors of the sign company) agreed that W. P. Luse (sole trustee of the trust company) would be elected a director and president of the sign company for a period of three years, with authority to countersign all checks for the disbursement of moneys.

Appellees alleged that appellant company failed to give proper service and attention to the advertisements; that it was in an insolvent condition and unable financially to incur the necessary expense for such service, as a result subscribers were continually cancelling contracts; that it had failed to make collections promptly and failed to pay to appellees money when collected, and that the trust company, acting under the authority given it in the contracts, took over collections and assumed the duty of giving attention to the maintenance of advertisements, for the reason that when and if advertising obligors cancelled contracts, the interest of appellees therein would be lost. Appellees alleged that without notice to W. P. Luse the individual appellants (stockholders and directors of the sign company) held meetings and adopted resolutions ousting Luse from the office of director and president of the sign company; that they were attempting to collect moneys due on contracts with the intent to appropriate the same to their use and benefit; that they have conspired to acquire the mail, addressed to the sign company, containing checks in payment of installments due on advertising contracts; that appellants are unable financially to answer in damages for any funds misapplied, and if permitted to receive checks remitted on contracts or to control the mail and the affairs of the sign company appellees will suffer irreparable injuries, for which no adequate remedy exists at law; that appellant company denies that it owes appellees anything and will refuse to pay over any sum of money collected on these contracts; that in their effort to control the mail addressed to the sign company, appellants notified the postal authorities to make delivery to a new address, and would have succeeded in diverting the same but for a temporary restraining order issued in this cause; that after the issuance and service of the restraining order, and while same was in force, appellant Decker, claiming to be president of the sign company, in order to collect, possess, and deprive

---

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellees of money belonging to them, instigated a procedure to make collections by drawing drafts in the name of appellant company through a bank in the city of Dallas on advertisers, and thus in violation of the restraining order succeeded in collecting certain sums of money. Appellees sued for the title and possession of the advertising contracts assigned to it, and for all sums of money due thereon, for the appointment of a receiver, and for injunctive relief.

The trial judge filed findings of fact, sustaining in all material respects the case alleged by appellees, among others to the effect that the trust company acquired· by purchase an interest in appellant's advertising contracts to the amount of $147,736.36, for which it paid $132,831.54 and had collected the sum of $107,699.08, and still had an interest in the contracts of $40,037.28, that the unmatured balance remaining unpaid amounted to $41,658.84, and that the value of said contracts was $25,000; that it required an expense of from $750 to $1,000 per month for necessary attention to advertising posts, to comply with the contracts with advertisers; that the individual appellants, acting or claiming to act as directors and officers of the sign company, prior to the institution of this suit, undertook to have all mail addressed to the sign company delivered to them, and denied that appellees had any interest in the contracts, contending that all receipts belonged to them, and endeavored to collect the same; that the sign company, for several months prior to the institution of the suit, had been and was unable to respond in damages to appellees and any payments made to appellants on the contracts would be lost to appellees, and unless a receiver is appointed and appellants enjoined, the interest of appellees in said contract and property is in danger of material injury or loss. The court concluded as follows:

"That while this cause is pending and until a ·final hearing and disposition hereof, the appointment of a receiver is necessary to take over said advertising contracts and to collect and receive the collections arising therefrom and to carry out said contracts on the part of the defendant Diamond Steel Highway Sign Company, and to re-service same, in order to keep said contracts in force, and for that purpose to take over so much of the property of the defendant company necessary therefor, as provided therefor in the contract of November 27, 1925, and to receive the mail of said defendant company and retain such of that as appertains to·said advertising contracts, and that the defendants be enjoined from interfering with or attempting to collect the sums becoming due upon said contracts."

Judgment was entered accordingly, from which this appeal is prosecuted.

[1] Appellants failed to file an assignment of errors, hence in so far as the appeal is predicated on the action of the court appoint-ing a receiver, the record will be considered only to ascertain if fundamental error is apparent. While the statute, article 2250 (2079), Rev. St. 1925, permits an appeal from an interlocutory order appointing a receiver, there is no provision dispensing with assignments of error; therefore they should have been included in the record and reproduced in the brief, as required in other cases, Lacey v. Dayton Rubber Mfg. Co. (Tex. Civ. App.) 270 S. W. 916.

[2, 3] However, the contention of appellants, if tenable at all, presents fundamental error. They insist that appellees failed to allege a primary cause of action and that the appointment of a receiver was unauthorized for the reason that the right to a receiver is not a cause within and of itself, that it does not exist independently, but is merely an incident to a suit brought for the purpose of vindicating some right. This states the doctrine correctly (Burnett v. Smith [Tex. Civ. App.] 240 S. W. 1007, and authorities cited), but in our opinion it is not applicable to the case at bar. Appellees own by purchase a 75 per cent. interest in the advertising contracts, payment of which was guaranteed by the sign company, and the other agreements and stipulations, that is, the transfer of the remaining interest in the contracts as collateral, the execution of the chattel mortgage, the provision with reference to the election of W. P. Luse director and president of the sign company with authority to countersign checks, the authority given the trust company on failure of appellant company to make prompt collection, to take over the affairs of the company, were intended as additional security. The facts descriptive of the acquisition and nature of the interest of appellees in these contracts, and showing that same was in danger of material injury or loss, were set out at great length, with the prayer that on final hearing the right and title to the possession of said contracts be decreed and vested in appellees, and for general relief. Therefore we do not believe it can be correctly said that appellees are not seeking other and ultimate relief. To say the least, the action involves property in which appellees and appellants are jointly· interested, and according to the finding of the trial court the interest of appellees was in danger of being materially injured or lost.

[4, 5] The matter of· appointing the receiver and the issuance of the injunction rested largely in the sound discretion of the trial court, and before its judgment is disturbed it should be made to appear that there was an abuse of discretion (Childress v. State Trust Co. [Tex. Civ. App.] 32 S. W. 330–331; Cotton v. Rand [Tex. Civ. App.] 92 S. W. 266–268; Rische v. Rische, 46 Tex. Civ. App. 23, 101 S. W. 849–850; Shaw v. Shaw, 50 Tex. Civ. App. 363, 111 S. W. 223–226; Masterson

v. Cavin [Tex. Civ. App.] 178 S. W. 662–663; Quintana v. Giraud [Tex. Civ. App.] 209 S. W. 770–772; Temple State Bank v. Mansfield [Tex. Civ. App.] 215 S. W. 154; Richardson v. McCloskey [Tex. Civ. App.] 228 S. W. 323–329), and as we find none, the judgment will be and is hereby affirmed.

Affirmed.