## LIPOW v. PACIFIC FINANCE CORPORATION.

### No. 10919.

Court of Civil Appeals of Texas. Dallas.

Dec. 9, 1930.

Tierner, Rodgers & Winn, of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee.

VAUGHAN, J.

On October 23, 1930, appellee, a private corporation under the laws of the state of California and doing business in the state of Texas under a proper permit, applied for and obtained the appointment of a receiver in this cause on an ex parte hearing on the following allegations contained in its petition, duly sworn to, viz.: That on or about September 18, 1930, appellant executed a certain chattel mortgage promissory note in the principal sum of $1,865.40 to the C. S. Hamilton Motor Company, as part consideration for the purchase price of a Chrysler automobile, which note was, on the same day, transferred to appellee, and was by its terms payable in nineteen monthly installments, "the first installment of $150 on November 1, 1930, the second installment of $95.30 on December 1, 1930, and $95.-30 on the first day of each month after the date of the last payment above specified for seventeen months, until all of said installments have been paid; * * * and to secure the payment of said indebtedness said chattel mortgage note placed a chattel mortgage lien in favor of said C. S. Hamilton Motor Company on a 1930 Model Chrysler Royal Sedan, Motor No. 5646, serial No. 7503931, same being a then new car of eight cylinders, and said car now being located at 3910 Hawthorne Street, in the City of Dallas, Dallas County, Texas; * * * that it has a valid chattel mortgage lien on said car by reason of the assignment of said indebtedness and lien to it." That said note provided, if the holder thereof should feel insecure or deem the property securing the payment of same in danger of misuse or confiscation, he might declare the entire obligation immediately due and payable.

Appellee further alleged that by the execution and delivery of said chattel mortgage note, appellant promised to pay the same in accordance with the terms thereof and to keep the holder secure as to the value of said property; that by assignment from the original

holder, appellee is now the owner and holder of said indebtedness and of said mortgage securing same; that appellant did at Dallas, Tex., on or about October 23, 1930, declare in the presence of a number of witnesses, four of whom are named in the petition, "that he intended to leave Dallas at once for San Antonio (Texas), Tulsa and other points without the State of Texas, and that upon his return to the State of Texas, he would let said car go back, but that during said time he would see that said car was damaged to the extent of $1200"; that the then present value of the car was $1,865.40, the amount of appellant's indebtedness to appellee, secured by its chattel mortgage lien on said car, same being then in the possession of and being then used by appellant, and that if he carried out his threats, which appellee had every reason to believe he would do, appellee's said security would be greatly depreciated in value; that appellant had refused to surrender said car to appellee; that the car was then only of sufficient value to discharge said mortgage indebtedness, and would further depreciate if permitted to remain in appellant's possession, appellant being otherwise without financial means to adequately secure appellee in the collection of its debt.

Appellee further alleged that, unless the equitable powers of the court were exercised to prevent the property from being injured and abused, its security would be lost or so greatly depreciated as to be totally inadequate to secure its debt; also, that if stored away during the pendency of suit, the car then secondhand, and its value depreciating daily, would not adequately secure appellee's debt and should be sold and the proceeds held by the court, pending the outcome of this litigation; and that, if the appointment of a receiver were delayed until notice to the appellant and a full hearing had on the application, appellee would probably suffer irreparable loss; that by reason of the above-cited facts, appellee elected to declare said indebtedness due and placed the collection thereof in the hands of attorneys, who signed and filed its petition, and were entitled to reasonable attorney fees in the amount named.

The order of the court appointing Harry Guggenheim receiver, to take possession of, hold, and sell said automobile, if and when authorized so to do by said court, in addition thereto, directed the clerk to issue notice to appellant to appear in court at 9 a. m. o'clock November 7, 1930, "and show cause why the car should not be sold immediately for the benefit of whom it might concern, and why the receivership should not be continued in full force and effect, pending the outcome of this litigation." Said notice was duly served on appellant October 23, 1930. This appeal was prosecuted upon the record prior to the date set for said hearing, which was by consent of the litigants passed until this appeal should be determined.

■ By propositions based on his first and fourth assignments of error, appellant contends "that an ex parte receivership being a harsh and drastic remedy, should be granted by a court of equity only upon a showing that no other remedy, either in law or equity, is available to the applicant." This cannot be sustained. Appellee sought and obtained the appointment of a receiver in this case upon the provisions of subdivision 2 of article 2293, R. S. 1925, viz., "In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt."

■ Under said statute, the appointment of a receiver on grounds made to appear in a verified petition that property against which foreclosure of a mortgage lien is sought, securing indebtedness of a defendant to a plaintiff, was in danger of being lost, removed, or materially injured, cannot be attacked on the ground or theory that plaintiff had an adequate remedy at law, or even a less drastic remedy in equity, whether equally protective or not; the proceeding being based on the statute itself, specially conferring such right, and not being in any respect dependent upon general principles of equity, including the absence of another or adequate remedy; this latter prerequisite to the appointment of a receiver being necessary only in cases falling entirely within the provisions of subdivision 4 of said statute, which provides for the appointment of a receiver "in all other cases where receivers have heretofore been appointed by the usages of the court of equity."

■ By the above allegations, quoted from appellee's petition, a prima facie case was clearly presented entitling appellee to invoke the provisions of said subdivision 2, supra. Cotulla v. American Freehold Land Mtg. Co. (Tex. Civ. App.) 86 S. W. 339, 340; Shaw v. Shaw, 50 Tex. Civ. App. 363, 111 S. W. 223, 226; Id., 51 Tex. Civ. App. 55, 112 S. W. 124, 127; Richardson v. McCloskey (Tex. Civ. App.) 228 S. W. 323, 328; Merrell v. Moore, 47 Tex. Civ. App. 200, 104 S. W. 514, 517; Bond-Reed Hdwe. Co. v. Walsh (Tex. Civ. App.) 181 S. W. 248, 250; Temple State Bk. v. Mansfield (Tex. Civ. App.) 215 S. W. 154, 155; Sumner v. Crawford, 91 Tex. 129, 132, 41 S. W. 994; Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105, 113; Woodward v. Smith (Tex. Civ. App.) 253 S. W. 847, 852; Duncan v. Thompson (Tex. Civ. App.) 25 S.W.(2d) 634, 636.

■ Appellant, by propositions Nos. 1, 2, 3, and 4, presented under his first assignment of error, questions the legality of the appointment of the receiver in this case, on the grounds: (a) That appellee did not have the "arbitrary power to unreasonably declare" the note sued upon due before its maturity

date; (b) that the option granted in said note to declare same due before the maturity date provided therein could only be exercised by appellee under the terms of said note; (c) that the demand of payment and the refusal thereof was a necessary element to accelerate the maturity and right of action thereon before its fixed due date; (d) that a suit does not lie for the mere granting of a receivership, but same must be ancillary to a main cause of action.

Said propositions, a, b, c, and d, must be passed upon in the light of the allegations upon which the trial court acted in granting said receivership, and the effect of the appeal as prosecuted by appellant, direct from the order making said appointment. The petition was duly sworn to, and it was affirmatively made to appear therefrom that appellee's suit was for the recovery of a debt, the maturity of which had been accelerated by the exercise of an option conferred upon appellee, and that there existed facts that authorized the exercise of that option; that a necessity existed for immediate action, in that it appeared that the mortgaged property was in danger of being removed and materially injured by appellant; that appellee's suit was not brought merely to obtain the appointment of a receiver, but that such appointment was sought as ancillary to an action by appellee as "a mortgagee for the foreclosure of his mortgage and sale of the property" that secured the payment of the indebtedness declared upon; that the acceleration of the payment of said indebtedness was based on and justified by the avowed intention of appellant on the day appellee filed its suit; "that he (appellant) intended to leave Dallas at once for San Antonio (Texas), Tulsa and other points without the State of Texas, and that upon his return to the State of Texas he would let the car go back, but that during the time he would see that said car was damaged to the extent of $1200."

Appellee was authorized to institute its suit to enforce the collection of the debt evidenced by the note declared upon on exercising the option to declare same due under the terms thereof, just as the right to have instituted suit thereon would have existed had said note matured by the expiration of the period of time between its date and the due date.

■■ When the order was entered appointing the receiver, appellant had the right to pursue one of three courses, viz., (a) to appeal direct from the order making said appointment; (b) to file motion to set aside said order and vacate the appointment so made; or (c) to appear on the 7th day of November, 1930, and "show cause why * * * the receivership should not be continued in full force and effect, pending the outcome of this litigation." Appellant elected, however, that which he had the right to do, viz., to prosecute an appeal direct from the order appointing the receiver.

Therefore it was to be assumed on this appeal that the material allegations contained in appellee's petition presented the true facts, and hence we were only called upon to determine the legal effect of same, viz., whether or not the "facts" were sufficient to sustain the appointment of the receiver under subdivision 2, supra. We are of the opinion that the order appealed from was properly entered, and same is in all things affirmed.

Affirmed.