## FRIEDMAN OIL CORPORATION v. BROWN.
### No. 4201.

Court of Civil Appeals of Texas. Texarkana.
May 19, 1932.

Troy Smith, of Tyler, for appellant.

Mayfield & Grisham, of Tyler, for appellee.

SELLERS, J.

F. H. Brown filed this suit in the district court of Smith county against Friedman Oil Corporation, a Texas corporation, to recover upon a written contract the sum of $6,000. It is alleged that, by the terms of the written contract, Brown, the plaintiff in the lower court, agreed to drill a well on a certain tract of land in Rusk county for the Friedman Oil Corporation, the defendant in the lower court, and he was to receive for his services, materials, etc., the sum of $5,000 in cash within 15 days after the completion of the well, together with two notes for the sum of $500 each, to be due in 60 and 90 days, respectively, from the date of completion of the well. It is further alleged that the plaintiff, Brown, furnished the labor and material in the drilling of the well, and that the well was completed according to the terms of the contract about October 22, 1931, and although demand had been made, the defendant corporation had failed and refused to pay the amount due under the contract or any part thereof. It is further alleged, quoting:

"Plaintiff says that immediately subsequent to October 1, 1931, the said defendant acting through the said Loues Friedman made various oil assignments and other character of contract liens and conveyances against and affecting said leasehold estate and in none of which assignments did the defendant specially call attention or refer to the written contract with this plaintiff but attempted to make assignments and conveyances to said various parties without giving actual notice of the contract with this plaintiff in order to place said property beyond the reach of this plaintiff and for the purpose of defrauding this plaintiff as a creditor. However, in this connection plaintiff says that he commenced actual work upon his labor contract on or before October 1, 1931, and that any assignments, transfers or instruments which in any way affect the title to said leasehold estate were in truth and in fact subject to the written contract with this plaintiff and subject to this plaintiff's right to fix its Laborer's-Materialman's-Contractor's Lien upon said property and that this plaintiff has timely executed and filed the required affidavit fixing his Laborer's-Materialman's-Contractor's Lien upon all of said leasehold estate and which lien is in full force and effect at

the present time and which related back to October 1, 1931, and that any and all of said assignments, written contracts and other instruments filed for record since said date in any way affecting said land are subject and inferior to this plaintiff's Lien.

"Plaintiff says that the defendant is insolvent and cannot be made to respond in damages and that all the various lien holders and assignees holding assignments and contracts as made by the defendant subsequent to October 1st are claiming a superior title to this plaintiff and that all of the oil runs heretofore run or which may hereafter be run from said lease are so encumbered that no part of same can now be used for operating expenses to operate said property and that by reason of which facts said property is in great danger of being lost and irreparably injured and that unless a Receiver is appointed ex parte to take possession of said property, operate and produce said well that the same is in great danger of being abandoned, irreparably injured and lost and this plaintiff as well as other creditors are in great danger of losing their debt by reason thereof. * * *

"Wherefore, premises considered, plaintiff prays that the defendant be cited to appear and answer herein and upon final trial plaintiff have judgment for his debt, for a foreclosure of his Laborer's-Materialman's-Contractor's Lien, for costs of suit and for such other relief as he may show himself entitled to and that pending this litigation this Honorable Court appoint a Receiver, ex parte, to take charge of, manage, control and operate said well and property and to classify the respective liens and outstanding contracts evidencing interest and to conserve said property for the benefit of those rightfully entitled to the same under the orders of this Honorable Court."

The petition is signed and sworn to by the plaintiff, and was presented to the Honorable Walter G. Russell, judge of said court, who appointed a receiver without notice to the defendant on November 14, 1931, to take charge of said property. On November 18th the Friedman Oil Corporation by its attorney excepted to the order appointing a receiver for the property of the defendant, and has duly prosecuted this appeal.

■■ The appellant has appealed direct from the order appointing the receiver. Appellee's petition is duly verified, and the allegations therein contained are to be treated as true and competent evidence for a court to consider in determining whether the appellee was entitled to the appointment of a receiver to take charge of appellant's property, and whether such appointment was authorized on an ex parte hearing without notice to appellant as was done in this case. Zanes et al. v. Lyons et al. (Tex. Civ. App.) 36 S.W.(2d) 544.

■■ In answer to appellant's nine assignments of error and its propositions thereunder, we submit two propositions of law which will authorize the action of the court in appointing a receiver on an ex parte hearing if they find support in appellee's petition. The first of these is that a receiver is authorized to be appointed in every case which comes within the provisions of subdivisions 1, 2, and 3 of article 2293, R. S. 1925, without regard to the rules of equity authorizing such appointments; second, the court is authorized to appoint a receiver on ex parte hearing if the petition shows an urgent necessity therefor. We have concluded that the petition in this case meets these requirements.

[5] As shown by the allegations of the appellee's petition, the suit is by a creditor to establish and foreclose a lien upon the property of appellant, and, in this respect, the suit may be treated as coming within that provision of subdivision 1 of the above article which provides, quoting, "or by a creditor to subject any property or fund to his claim," being a suit by a creditor to foreclose a lien where it is alleged the property is in danger of being lost or irreparably injured, it meets the requirements of subdivision 2 of said article. And it is further alleged that the appellant is a corporation and is insolvent, and therefore is brought squarely within subdivision 3 of the article. The petition then being sufficient to authorize the appointment of a receiver under the above statute, no equitable rules with reference to such appointment applied. Lipow v. Pacific Finance Corp. (Tex. Civ. App.) 34 S.W.(2d) 658.

■■ The question of whether a petition is sufficient to authorize the appointment of a receiver upon an ex parte hearing is addressed largely to the sound discretion of the trial court. Baptist Missionary Convention v. Knox (Tex. Civ. App.) 23 S.W.(2d) 781. The petition in this case alleges the insolvency of the appellant corporation and the lack of available funds for the operation of said property, and for that reason the property is in great danger of being lost or irreparably injured. These allegations not being contradicted, surely this court would not be authorized to say that the trial court had abused its discretion in appointing a receiver without notice to appellant.

The judgment of the trial court will be affirmed.