I. & G. N. R'y Co. v. William Pape.

(Case No. 1664.)

1. DAMAGES — CONDEMNING LAND. — Damages which result from the increased difficulty of communication between the parts of a tract of land severed by the bed of a railroad are such as are construed to have been included in the assessment of damages in proceedings condemning the land for the use of the road.
2. SAME. — Such an assessment of damages embraces all past, present and future damage which the improvement may thereafter reasonably produce.
3. RAILWAY COMPANY. — A railway company is not bound to construct its roadbed and earthwork, when a right of way has been secured, in such manner as to produce the least possible inconvenience to the owner of the adjacent land.
4. DAMAGES — RIGHT OF WAY — RAILWAY COMPANY. — A right of way for a railway company being secured, and an assessment of damages having been made, the railway company is not afterwards bound to construct its road with reference to the greatest convenience of the owner of the land, but is authorized to build in accordance with its general plan, with reference to cost and its own advantage in constructing a safe and good road. It must, however, be constructed with proper precautions to avoid unnecessary injury to the land.
5. PLEADING — DAMAGES. — It was error to render judgment for damages against a railway company for the alleged cost of constructing ditches and drains along the right of way which the company failed to provide, when the petition alleged no actual pecuniary loss, and failed to allege that the plaintiff had constructed or paid for or expended labor on them. In such a case, damages for the cost anticipated in constructing the drains and ditches cannot be awarded.

APPEAL from Comal. Tried below before the Hon. Thomas M. Paschal.

Suit by Wm. Pape against the I. & G. N. R'y Co. for $1,000 damages. The petition alleged four grounds of damages, in substance as follows:

1. For carelessly constructing its road-bed over his land in such a manner as to cut off and separate about five acres of his land from the remainder of his tract, so as to deprive him of access to the five acres, to his damage $250.

2. For reasonable cost of building a necessary crossway over the railroad to enable Pape to go to and from his five acres, the further sum of $250.

3. For carelessly constructing the road-bed across plaintiff's land in such a manner as to cause about ten acres of it to be inundated with water, to his further damage $250.

4. For reasonable cost of drains and culverts necessary to enable plaintiff to use his land, the further sum of $250.

The petition stated in the third count that on account of the incapacity of the culverts and ditches made on plaintiff's land, that the rain-water falling on the same was not drained off, "and by reason of this, about ten acres of his main farm had been inundated with rain water, and the uses and benefits lost to him." It was claimed in the petition that the company knew the proper manner in which to build the road, and the crossings, and also as to digging the ditches and making the culverts, but that it failed and refused to construct them properly.

Defendant pleaded general and special demurrers to the petition, also answered by general and special denial, claiming that the land had been legally condemned for the road of defendant to be laid upon it, one hundred feet in width; that damages for condemnation were *awarded and paid;* that plaintiff was present at the award, which was for $225, for the *right of way* and all damages for inconvenience or otherwise to plaintiff. A copy of the judgment of condemnation was attached to defendant's answer. Specially denied that it built its road in a careless and negligent or indifferent manner; but had built it in the proper manner, and with as little damage as possible to plaintiff, and denied making any promise to make bridges or culverts for plaintiff.

The jury found in favor of plaintiff, $150 on each count — $600 — for which the court gave judgment. Defendant afterwards remitted all but $380, and judgment was given for this amount.

*J. D. Guinn,* for appellant, cited: R. S., 4171; I. & G. N. R. R. Co. *v.* Malone, W. & W. Tex. Ct. App., 92; Mills on Em. Dom., 214, 215, 217; 1 Red. R'y, 271; 7 Tex., 313; Greenl. on Ev., 84.

No briefs for appellee have reached the reporter.

WALKER, P. J. COM. APP.— The legal sufficiency of the first count
of the petition is involved under the fifth assignment of error. The
fifth assignment is that "The court erred in overruling defendant's
eighth special exception to plaintiff's petition, which sought to strike
out the claim for damages for $250 for failure on the part of defend-
ant to provide a crossing over its road for the convenience of plaint-
iff in passing to and fro over the same, because the said count
showed no legal obligation on the part of defendant to make such
crossing."

The special exception referred to is that "It does not appear that
defendant is under any obligation to provide a pass-way for plaint-
iff's convenience across its road to enable him to go from one part
of his farm to another; if so, then the plaintiff's remedy does not
sound in damages, but by a process to compel the defendant to build
the same."

The first count in the petition claimed damages resulting from the
defendant's so constructing the earthwork and roadway of its rail-
road through his land, that owing to its height he was prevented
from having convenient passage and access to a certain five acres of
his land, from which he was thus cut off; and that said defendant,
having thus constructed its road, failed to provide against plaintiff's
inconvenience by placing or making for plaintiff proper and neces-
sary crossings over and upon said roadway.

Damages resulting from increased difficulty of communication
between the parts of a severed tract are such damages as are con-
strued to be included in the assessment of damages sustained by the
owner of the land in proceedings for condemning the land to the
railroad's use for its right of way. See Pierce on Railroads, 174,
and authorities there cited; also Mills on Em. Domain, sec. 216.
The plaintiff's petition does not allege that the defendant trespassed
upon his land without authority derived from its due condemnation
for right of way.

"The appraisement embraces all past, present and future damages
which the improvement may thereafter reasonably produce. . . .
Any damage not resulting from negligent or unskilful construction
is presumed to be included in the assessment." Pierce on Railroads,
216.

The plaintiff's petition does not show that the alleged damage
was caused from a negligent or unskilful construction of the defend-
ant's railroad. It alleged, it is true, "that in the construction of

said earthwork, defendant, although fully aware of the proper manner and mode of so constructing said earthwork and roadway so as not to injure and damage plaintiff, did negligently and carelessly so construct and erect across and upon plaintiff's land before described, said earthwork and roadway as to cut off from the said tract of one hundred acres by such road-bed, about five acres more or less of good arable and cultivable land," etc. But, if this allegation means to import that the defendant was under a legal obligation to so construct its line of road through plaintiff's land as to cause no greater injury or inconvenience to the plaintiff in his farming operations than the knowledge and skill of the defendant would allow; or in other words, to construct its earthworks and road-bed with reference to the least possible inconvenience to the plaintiff, we apprehend that such a proposition is not maintainable.

It is to be inferred from the plaintiff's allegations that the impediments of which he complains consist in the defendant having constructed its line of road on a line and course through plaintiff's land, which required the raising of the railroad bed to a height above the ordinary level of the adjacent land, and that the embankments thus formed constituted an obstacle to the plaintiff's direct passage across the road to the five acres in question. The defendant, it must be supposed, had sufficiently indicated the line along which it claimed its right of way when it made compensation therefor under a proper condemnation and assessment of damages, and the damages which might probably result, it must be held, were then taken into consideration, and the defendant was not limited in building its said line of road to its construction with reference especially to the greatest convenience of the plaintiff, but was entitled to construct it in accordance with its general plan and consistently with its own advantage with reference to cost and the requisites of a safe and good road.

In the condemnation of land for a railroad's right of way, damages are to be assessed upon the assumption that the road will be constructed with due care and skill, and with proper precautions necessary to prevent unnecessary injury to land-owners. Pierce on Railroads, 218. In order to subject the defendant to liability on the grounds relied on in the first count, the facts alleged must be such as to show that the defendant had violated the above rule of law; but we conceive that the petition does no such thing as that, nor does it negative with sufficient distinctness the idea that the defendant constructed its road-bed on a proper line and direction through plaintiff's land, and that in so doing the embankments com-

plained of were constructed as a matter of right on the part of defendant, and with due care and skill, and such consideration for plaintiff's right as he had a right to exact. The defendant's exceptions to the first count of the petition ought to have been sustained.

The second count was subject to the defendant's exceptions upon similar grounds to those we apply to the first count. It appears from the charge of the court that the plaintiff abandoned, on the trial, a right to recover on this second count, and the jury were instructed not to find upon it for the plaimtiff; the jury, however, did find upon it $150 damages for the plaintiff, which amount was remitted by the plaintiff, and the *remittitur* duly entered upon the verdict and judgment.

The seventh assignment of errors is as follows: "The court erred in overruling defendant's tenth special demurrer, which is as follows, viz.: Defendant specially demurs to plaintiff's fourth count, which seeks damages for the reasonable costs of drains and culverts necessary to enable plaintiff to use his land, and says it shows no cause of action."

We will here insert the fourth count as taken from plaintiff's petition: "Plaintiff further alleges, and so charges the fact to be, that, to enable him to use and enjoy his said estate, as he is in law entitled to, and to protect him from the injury and annoyance of said accumulation of waters as aforesaid, it is necessary that good and sufficient ditches or drains be made along the right of way of defendant's railroad, and . . . culverts be made through the road-bed of defendant to conduct and carry off the excess and surplus water which, flowing over plaintiff's land, is obstructed in its natural outlet and passageway by the earthwork of defendant's road-bed. That the reasonable cost for the construction of said drains and culverts, necessary and proper to enable plaintiff to enjoy and use his land as he is in law entitled to, is the sum of $250, and they claim damage in that sum."

This count was specially demurred to, as stated in the seventh assignment above. The jury gave a verdict on this count for $150. The above assignment embodies the language of the exception to the fourth count.

The plaintiff's cause of action on this count consisted of the damages sustained by him by the alleged default of the defendant. The grounds for the recovery of such damages consisted of the injury sustained by the plaintiff to his land, his crops growing thereon, or other injury to his premises flowing from the alleged failure of defendant to construct sufficient ditches, drains and culverts along the

right of way of said railroad. The plaintiff's petition alleges no facts which afford a basis for such damages, but alleges instead that the cost of constructing such amounts to $250, which sum he claims as damages. Although the statement thus made may not furnish the true measure of damage, it might be disregarded, and the count in question held sufficient nevertheless, provided other facts had been alleged from which damage to the plaintiff might be legally inferred; but the plaintiff does not allege that he has sustained any pecuniary damage from the defendant's alleged default, but simply alleges that it is necessary to construct such drains to enable him to use and enjoy his estate, and he distinctly predicates the amount of damage claimed by him, not upon any actual pecuniary loss, but upon the cost of constructing the works referred to, and he does not allege that he has constructed such, nor that he has expended labor, time or money in so doing. See Rev. Stat., 4171; I. & G. N. R. R. Co. v. Malone, W. & W. Tex. Ct. App., sec. 234; Mills on Em. Dom., secs. 214, 215.

The appellant has assigned thirty-nine grounds of error, and the record presents nearly as many bills of exception; in view of the result at which we have arrived upon a consideration of the plaintiff's pleadings, and the character of the questions disposed of in this opinion, we do not deem it necessary to discuss the various questions presented under these numerous assignments of error.

The judgment, we think, ought to be reversed and the cause remanded.

REVERSED AND REMANDED.