G., H. & W. R'y Co. v. Waples, Painter & Co.

(No. 2851.)

Appeal from Cooke County.    Opinion by Willson, J.

*(Transferred from Austin.)*

R. C. Foster and A. E. Wilkinson, counsel for appellant.    Stuart, Bailey & Harris, counsel for appellees.

§ 409. *Argument; right to open and close in proceeding to condemn land; admission of cause of action; effect of; case stated.*    On October 29, 1886, proceedings were commenced by the Gainesville, Henrietta & Western Railway Co., a corporation chartered by the state of Texas to construct a line of railway from Gainesville to Henrietta, for condemnation of a right of way for its road across certain lands belonging to Waples, Painter & Co., out of the A. Boutwell survey, in Cooke county. The property in question was situated in the suburbs of Gainesville, and the portion sought to be condemned embraced some three and three-quarters acres. Upon a hearing before commissioners regularly appointed, on

November 17, 1886, the damages were assessed at $800. Waples, Painter & Co. appealed from this judgment to the county court.

This cause was tried in the county court before a jury, on April 23, 1887, and a verdict and judgment obtained assessing the damages at $3,500, and awarding condemnation. From this judgment, after moving for a new trial without success, the Gainesville, Henrietta & Western R'y Co. has prosecuted this appeal, taken in due form, to this court.

Upon the trial of the cause, before any evidence was submitted, defendants, Waples, Painter & Co., filed a motion whereby they "admit that the plaintiffs in the above cause are authorized to construct its line of railway through Cooke county, Texas, and that there is a necessity for the taking and appropriation of the land of defendants, described in plaintiffs' petition for condemnation, for the purpose of its right of way, and that plaintiffs have tendered to the defendants $400 in payment of damages; therefore defendants take the burden of proof as to establishing damages, and ask the right to open and conclude this cause." The court sustained the motion and granted defendants the right to open and conclude, to which ruling plaintiffs reserved a bill of exception.

*Held:* In a proceeding for the condemnation of land by a railroad corporation under the statute of this state the corporation is the actor, the plaintiff, and is entitled to open and conclude the argument on the trial. Some authorities hold that the owner of the land sought to be condemned is the actor, or plaintiff, as to the damages claimed, and is entitled to open and close the argument. [Pierce on Railroads, 188; Mills on Em. Dom. § 92.] But these authorities are based upon decisions of other states, made, doubtless, under statutes essentially different from ours. The statute and rules of court prescribing the practice in this state very clearly entitle the corporation to open and close the argument. [Sayles' Civ. Stat. art.

1299; Rules 31 and 34 for District Courts.] Rule 31 for district courts provides, however, that the defendant may obtain the right to open and conclude the argument by admitting that the plaintiff has a good cause of action as set forth in his petition, which admission shall be entered of record. The contemplation of this rule is that the admission shall be such that, if no evidence be introduced by either party, the plaintiff must recover to the extent of the claim made in his pleadings. [Sanders v. Bridges, 62 Tex. 93.] Appellees' admission in this case comes within the rule. It admits everything contained in appellant's petition. If no evidence had been adduced on the trial by either party, appellant must have recovered to the full extent claimed in its petition; that is, it must have recovered a judgment condemning the land upon payment to the owner thereof of $400, the alleged value of said land. It was not error, therefore, to accord to appellees the opening and conclusion of the argument.

§ 410. *Trial by view not lawful.* It was not error to refuse appellant's request to permit the jury to view the land sought to be condemned. This proceeding is tried and determined as other civil causes. [Sayles' Civ. Stat. art. 4202.] By express statutory provision all laws authorizing a trial by view were long since repealed. [Sayles' Civ. Stat. art. 1447; Smith v. State, 42 Tex. 444.]

§ 411. *Damages in condemnation proceeding; evidence as to.* The object of the proceeding provided for the condemnation of land is mainly to ascertain what would be a just compensation to the owner of the land sought to be taken under the circumstances of the particular case. To accomplish this object the consequences of particular causes must necessarily be anticipated and considered. It is competent and proper to show any fact which would reasonably affect the market value of the land taken and of the remainder of the tract. The same considerations are to be regarded as would be likely to influence in the sale of the land. And not only the uses to which the

·land at the time of the taking are to be considered, but also other uses to which it may be adapted, and to which men of ordinary business sagacity, if they owned it, would probably devote it.  In this case it was proper to admit evidence showing that the remaining portion of appellees' land would be depreciated in value by reason of the condemnation, by disfiguration, danger from fire, danger to stock, washing of the soil, washing dirt into a tank situated thereon, and by disconnecting the tract. It was proper to permit witnesses who were acquainted with the premises to give their opinions as to the amount of damages which would accrue to the land-owner by reason of these several causes.  [3 Sutherland on Dam. 436 *et seq.;* Pierce on Railroads, 210, ·211, 215; Mills on Em. Dom. § 166; 2 Wood's R'y Laws, 911; R'y Co. v. Woodruff, 5 S. W. Rep. 792.]

§ **412.** *Same; crossings.*  It was proper to admit evidence as to the cost of constructing proper and convenient crossings over the right of way sought to be condemned.  As the law was at the time of the taking of the land, it was not incumbent to provide such crossings. [2 App. C. C. § 386; 3 Sutherland on Dam. 434, 444, 445; R'y Co. v. Pape, 62 Tex. 313.]

December 5, 1888.                              Affirmed.