## TEXAS & N. O. RY. CO. v. ADAMS et al.
### No. 2313.

Court of Civil Appeals of Texas. Beaumont.
May 11, 1933.

Rehearing Denied May 17, 1933.

R. L. Arterbury, of Houston, and Seale & Thompson, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellees.

COMBS, Justice.

On August 28, 1930, appellees, who are surviving heirs of Dr. E. S. Adams and Mrs. Rho Adams, filed their original petition in the district court of Nacogdoches county, alleging that they were the owners of certain real estate situated on the east side and contiguous to appellant's right of way in the southern part of the town of Garrison. The property, which is known as the old Adams homestead, was settled by appellees' father and mother in 1891, and it has been occupied ever since either by the family or by tenants. In their petition plaintiffs alleged that their property was on the opposite side of the defendant's track from the concrete highway leading into Garrison from Nacogdoches; that prior to July 1, 1930, there had been a roadway leading from their property across the defendant's track to the highway; that such roadway had been so situated since 1892 and had been continuously used by them and their forbears as a means of ingress and egress during all of that time; that on or about July 1, 1930, the defendant, without the knowledge or consent of the plaintiffs, tore up the roadway and made a deep cut in its right of way and that as a result plaintiffs were no longer able to cross the defendant's track and that they had no exit from their property to the highway; that the excavation or cut had destroyed the roadway that existed along the front of their property between their property and the defendant's track; and that as a result of the destruction of the road and passageway by the defendant their property had been depreciated in value to the extent of $7,000. They also alleged that for some time prior to the injuries complained of they had been renting their property to tenants for $35 per month and that after the destruction of the roadway and crossing they had been unable to rent the property and had lost rentals to the amount of $175, and they sued for their damages in the amount of $7,175.

Defendant answered by general demurrer, general denial, and special answers wherein it alleged that it had owned in fee its right of way since 1880; that the roadways in question were private roadways used by the plaintiffs with the permission of the defendant, and that they existed by virtue of special arrangement whereby the defendant reserved the right to change or relocate same when such changes became necessary for better serving the public, and that the changes in its right of way complained of were made by it in order that it might better serve the interest of the public. The evidence shows, without dispute, that the roadway and crossing were private and were located wholly on appellant's right of way. The trial was to a jury and at the conclusion of the evidence the only issues submitted were as to the value of plaintiffs' premises before and after the improvement. In response to these the jury found that plaintiffs' property was worth $4,000 before the improvement and $3,000 after the improvement was made. On this verdict of the jury the trial court entered judgment for plaintiffs for the amount of $1,000.

By appropriate assignment appellant contends that no liability was shown. We think this contention must be sustained. The evi-

dence shows, without dispute, that in making the improvement complained of the appellant subjected its right of way to a proper and legitimate use. In making the improvements in a lawful and proper manner, the appellant invaded no legal rights of the appellees and no damage has been inflicted upon their property for which compensation is allowed, either at common law or under the Constitution (article 1, § 17). Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835; International & G. N. Ry. Co. v. Pape, 62 Tex. 313; Texas & S. Ry. Co. v. Meadows, 73 Tex. 36, 11 S. W. 145, 3 L. R. A. 565. In the case of T. & N. O. R. Co. v. J. P. Davis, 60 S.W.(2d) 505, this day decided by this court, we had before us the same question of law involved here. In disposing of that case we fully discussed the legal questions involved, and it is unnecessary for us to discuss the matter at length in this opinion. It follows that the judgment of the trial court should be reversed and judgment here rendered for the appellant, and it is so ordered.

Reversed and rendered.